ATLANTIC CONCRETE PRODUCTS, INC., Plaintiff and Appellee, v. TRI COUNTY PRODUCTS, INC., Defendant and Appellant.

No. R-67-179.     Decided June 19, 1968.

William J. Riefkohl, J. M. Calderón García, J. M. Calderón
Cerecedo, Cristóbal Colón, Francisco Alonso Rivera, Otto
Riefkohl II, and Luis Pérez Caraballo for appellant. Mc-
Connell, Valdés & Kelley and Pablo R. Cancio for appellee.

Second Division composed of Mr. Justice Hernández Matos, as
Chief Judge of Division, Mr. Justice Santana Becerra, Mr.
Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On July 19, 1966 the corporation Atlantic Concrete Products, Inc., filed an action of debt against Tri County Products, Inc., for the amount of $79,958.31, which debt originated from the sale and delivery of merchandise. In a motion for an extension to plead it was adduced, as ground, that defendant was under new management and it was carrying out, with expert accountants, a detailed analysis of its balance sheet, which precluded it from answering with the necessary certainty. Identical motion was filed on October 21, 1966.

Before the expiration of the term granted by the court to file an answer defendant presented a motion under Rule 31.1 of the Rules of Civil Procedure to request plaintiff to produce a detailed account of the amount claimed, including the date of the orders and the partial payments, if any had been made. Again it stated that it lacked adequate information or sufficient knowledge to make a determination in relation to the claim. To this request plaintiff answered with a motion for summary judgment in its favor to which it attached the statement of account requested as well as the invoices and vouchers related thereto in order to establish the amount claimed. An affidavit of the Executive Vice-President of plaintiff firm was also attached.

Defendant opposed the motion for summary judgment. To that effect it attached an affidavit of its manager to justify "the existence of controversial facts between the parties." In its pertinent part it says:

"That Tri County Products, Inc., was recently acquired by new owners and an examination of the books, bills, invoices, and vouchers has been ordered to be made by accountants in order to determine the assets and liabilities of the Corporation.

".     .     .     .     .     .     .     .

"That in said case, as in others, there appear vouchers signed by persons who we do not know whether they were authorized to sign them, it being impossible at the present time to determine with certainty whether the invoices and vouchers show the goods and merchandise received or the amounts owed.

"That in the case at bar, there are also missing vouchers which authenticate the amounts collected, among others Nos. 7702 and 7703, it being impossible for lack of sufficient fact [*sic*] to determine knowingly whether the last amount charged is real and genuine.

"That it being impossible from the information produced by plaintiff to have a feasible understanding of the amount owed, we are constrained to disclaim the total amount shown by said bills, invoices, and items until the investigation commenced is finished and verified."

In view of this affidavit, plaintiff included vouchers Nos. 7702 and 7703 mentioned therein.

After the corresponding hearing was held the trial court decided that the affidavit offered by defendant's manager was insufficient to defeat the motion for summary judgment because it does not contain evidence to challenge the averments contained in the affidavit submitted by the petitioner, since no facts denying the existence of the amount claimed are adduced.[1] Therefore, it determined that there

---

[1] This position is elaborated as follows:

"No facts are adduced or evidence produced to deny the existence of the debt claimed. It is not denied that plaintiff approached defendant for the purpose of collecting the debt claimed. It is not alleged that the

was no genuine controversy between the parties in relation to any pertinent fact. It also stated that in the affidavit of its officer, defendant also failed to give sufficient reasons which might have precluded it from presenting essential facts to support its opposition to the summary judgment and that, as it appeared from the record, it had had sufficient time "to investigate whether or not the company itself had authorized the persons who appear signing the vouchers to do so." Consequently, it rendered judgment in favor of plaintiff for the amount claimed, interest and $1,000 for attorney's fees.

We agreed to review.

It is not necessary to state that we are not confronting, in the present situation, the application of the well-known principle of the availability of the summary judgment when there is no genuine controversy between the parties as to the facts pertinent to the elucidation of the claim filed, as it appears from the affidavits or from the evidence offered to support the absence of a controversy. *Widow of Viera* v. *Superior Court*, 93 P.R.R. 490 (1966); *Del Toro* v. *Govt. of the Capital*, 93 P.R.R. 467 (1966); *Secretary of Labor* v. *Metropolitan Const. Corp.*, 92 P.R.R. 188 (1965); *Valcourt Questell* v. *Superior Court*, 89 P.R.R. 809 (1964); *Cortés* v.

---

credit claimed was paid or settled in any manner whatsoever. It is not denied that plaintiff sent defendant the bills on the dates which appear thereon. It is not affirmatively alleged that the invoices, vouchers and statement of accounts are incorrect or that they do not faithfully represent the sales and deliveries of the different items of goods. All that defendant states in its affidavit is that there appear vouchers signed by persons who defendant *does not know* whether they were authorized to sign them, it being impossible to determine whether the invoices and vouchers show the goods and merchandise received or the amounts owed. Defendant's assertion does not inject into the case any controversy of fact whatsoever, since, if plaintiff should reproduce, in a trial on the merits, the evidence contained in its affidavit and if defendant's defense, in its turn to present evidence, is limited to establish that it does not know whether the persons who appear signing the invoices were authorized to sign them, such evidence would be completely insufficient as a defense to defeat plaintiff's claim."

*Heirs of Cortés*, 83 P.R.R. 660 (1961). Despite the fact that defendant characterizes the affidavit it presented as a justification of the existence of controvertible facts, properly considered it has the effect attributed by Rule 36.6 of the Rules of Civil Procedure, which reads:

> . . "Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained, or depositions to be taken, or discovery to be had, or may make such other order as is just."

We must establish the clear distinction which exists between the affidavits mentioned in Rule 36.5 and those of Rule 36.6. The former, when proffered in opposition to the motion for summary judgment, are obviously evidentiary; the latter, only available to the party opposing summary judgment, are not evidentiary, and only partake of an explanatory nature as to the reasons why such party is unable to present the affidavits, which contain the facts in opposition. Hence, as to the latter, it is not required that they justify the existence of a real controversy between the parties. 6 Moore, Federal Practice, § 56.24; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1238; Note, 41 Iowa L. Rev. 453 (1956). Unless the affidavits evidently lack merit as to the justification adduced to excuse compliance with Rule 36.5, or if its purpose is dilatory—which leads to a determination of whether the reasons are adequate—the court should, in the exercise of its discretion, postpone the consideration of the motion for summary judgment. Of course, it should, coetaneously, take such measures in the direction of the course of the litigation as will guarantee that Rule 36.6 is not invoked as a stratagem to delay the final solution of the matter. It all narrows down to fixing limits of reason-

ableness to the actions of the party opposing the summary judgment.[2]

■ From the commencement of the litigation defendant has invoked its inability to make adequate allegations as to the amount claimed. There is no question that it passed under new management and that the existing debts are in the process of verification. This being so, the action of the trial court in rendering summary judgment is too drastic and stringent, where other measures can be adopted which would lead to a satisfactory decision of the litigation. To this effect defendant may be interrogated as to the steps it has actually taken to verify the debt, the steps that it must still take, the availability of the witnesses required therefor, and others, and then proceed to fix a peremptory term for defendant to present the affidavits in opposition. After having been granted this reasonable opportunity, if it fails to take it, it cannot complain of the consequences.

The judgment of April 27, 1967 rendered by the Superior Court, San Juan Part, will be set aside and the case will be remanded for further proceedings.

---

[2] The probability that plaintiff will prevail, in view of the evidence adduced, cannot be considered at this stage of the proceedings.